IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02987-PAB

DEBRA K. CORLEY,
formerly known as Debra K. DaCorte,

      Plaintiff,

v.

WALGREENS, CO.,

      Defendant.
_____

### ORDER REMANDING CASE TO STATE COURT
_____

      This state-law personal injury case is before the Court on review of defendant

Walgreens Co.'s notice of removal which claims that the Court has jurisdiction based on

diversity of citizenship and an amount in controversy in excess of $75,000 as required

by 28 U.S.C. § 1332.  *See* Notice of Removal [Docket No. 1] ¶ 7.  According to the only

factual averment in the notice of removal regarding the amount in controversy,

> [t]ogether with the Complaint, Plaintiff has filed a District Court Civil Court
> Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or
> Third-Party Complaint, is attached hereto.  In that document, Plaintiff's
> counsel represents that the Plaintiff is seeking a monetary judgment for
> more than $100,000 (see paragraph 2).

Notice of Removal ¶ 5.

      In every case and at every stage of a proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289,

1297, 1301 (10th Cir. 1980).  Generally, a party may remove "any civil action brought in

a State court of which the district courts of the United States have original jurisdiction."

28 U.S.C. § 1441(a) (2006).  Relevant to the present case, "[t]he district courts shall

have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States . . . ."  28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the

burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant

removes a case from state court asserting the existence of diversity jurisdiction, the

removing defendant has the burden of establishing that the jurisdictional prerequisites of

§ 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th

Cir. 2001).  Where uncertainties exist regarding the Court's jurisdiction, those

uncertainties are resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also*

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption

against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter

jurisdiction, the court is powerless to continue."  *Cunningham v. BHP Petroleum Great*

*Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Where a case has been removed

from state court and a court determines any time prior to final judgment that jurisdiction

is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.

*See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be

affirmatively established on the face of either the petition or the removal notice."

2

*Laughlin*, 50 F.3d at 873.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873).  When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence.  *Martin*, 251 F.3d at 1290.

Here, there is no specific dollar amount suggested by the complaint.  Because the complaint fails to establish a sufficient amount in controversy, I look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy.  *Laughlin*, 50 F.3d at 873.  The notice of removal contains only the factual averment cited above and bare assertions that the amount in controversy exceeds $75,000.  *See* Notice of Removal at 1, 2 ¶¶ 6-7.  Removal, however, cannot be based on conclusory allegations.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Furthermore, it is firmly established in this District that state District Court Civil Cover Sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party . . . ." do not by themselves affirmatively establish the amount in controversy.  *See, e.g.*, *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007).

Therefore, it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2009-CV-11102.


DATED December  28, 2009.

3

BY THE COURT:


s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge